QUINCE, J.,
dissenting.
While the record filing by Chemrock seems to comply technically with rule 1.420(e), I cannot agree that the rule was intended to apply in this situation. This was the second time that it was brought to the trial court’s attention that there had been no record activity in this case. On December 27, 2006, Tampa Electric filed a notice of lack of prosecution because there had been no record activity for ten months. During the 60-day period provided for under the rule, February 22, 2007, Chemrock filed a Motion in Opposition to Dismissal. While the motion acknowledged that there had been no record activity, it cited discovery disputes and other nonrecord activities as a basis to keep the case open.
The case remained open "with no record activity after the February 2007 filing until June 24, 2008, when Tampa Electric filed a Motion to Dismiss saying there had been no record activity for the prior sixteen months. And on August 25, 2008, Chem-rock filed an affidavit indicating why it believed there was good cause to deny the motion. Thus, even after being on notice in 2006 and 2007 concerning the failure to have record activity, Chemrock again did nothing for an extended period until Tampa Electric brought this fact to the attention of the trial court.
I do not believe that the rule was intended to give plaintiffs multiple opportunities to simply sit on a case. Therefore, I respectfully dissent from the majority’s decision in this case.